# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

IN RE: )
)
THE BARR GROUP OF NASHVILLE, INC., )
) Case No: 3:24-bk-04796
Debtor. ) Chapter 7
) Judge Mashburn
_____ )
)
JEANNE ANN BURTON, TRUSTEE, )
)
Plaintiff, ) Adv. Proc. No. 3:26-ap-90006
)
v. )
)
SANMAR CORPORATION, )
)
Defendant. )

---

**THE DEADLINE FOR FILING A RESPONSE IS:  April 17, 2026**
**IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE:**
**May 5, 2026, at 9:30 a.m., in Courtroom 1**
**United States Bankruptcy Court, 701 Broadway, Nashville, Tennessee**
**(Virtual Hearing if Allowed; See Court's Website for Details)**

---

The relief described below is being requested from the Court.  **YOUR RIGHTS MAY BE AFFECTED.**  If you do not want the court to grant this request, you or your attorney must file a response or objection by the deadline, explaining why you are opposed.  **If a response or objection is not filed, the Court may grant the request without a hearing.**  Any response must identify the motion to which you are responding and state the response deadline and hearing date.

The Court's filing requirements and instructions can be located on the Court's website at www.tnmb.uscourts.gov/9013.  If you need assistance, you may call the Bankruptcy Court at (615) 736-5584 or visit the Bankruptcy Court in person at 701 Broadway, 1st Floor, Nashville, TN during operating hours.

---

## MOTION TO APPROVE COMPROMISE AND SETTLEMENT

Jeanne Ann Burton, chapter 7 trustee herein ("Trustee"), hereby moves (the "Motion") this Court for entry of an order (the "Order"), substantially in the form submitted herewith, approving a compromise and settlement with SanMar Corporation ("SanMar"). In support of this Motion, the Trustee respectfully represents as follows:

### BACKGROUND

1. On December 12, 2024, The Barr Group of Nashville, Inc. (the "Debtor") filed a voluntary Chapter 7 petition in this Court. Jeanne Ann Burton was appointed to serve as the Chapter 7 Trustee in this case.

2. The Trustee, through her counsel, reviewed Debtor's list of transfers within the preference period prior to the bankruptcy filing and determined that several individuals or entities received potentially preferential transfers prior to the filing of the bankruptcy petition.

3. More specifically, and pertinent to this Motion, the Trustee alleged that SanMar received payments during that time in the total amount of $49,959.03 (the "Transfers").

4. On January 12, 2026, the Trustee brought this adversary proceeding against SanMar to recover the Transfers.

5. After the Trustee gave SanMar an extension to file an answer, SanMar sent the Trustee a letter on February 19, 2026, detailing a new-value and ordinary-course defense.

6. Upon review, the Trustee asserted that, despite those defenses, a total of $13,307.96 remained avoidable as preferences.

7. Because of that, the parties agreed to settle this matter for $13,307.96.

8. Considering SanMar's defenses, and the cost to continue pursuing this matter, the Trustee believes that the proposed settlement is in the best interest of this estate and is more beneficial to creditors than continuing to litigate this AP.

9.    That proposed settlement's terms are:

  a. SanMar will pay to the estate $13,307.96.

  b. The Trustee and SanMar will release each other from all claims that Debtor, the estate, or SanMar may have against each other, or their officers, agents, or employees, at the time of the release, including any claim arising under 11 U.S.C. § 502(h) related to the settlement payment, but excluding SanMar's general unsecured claim No. 2 filed in this bankruptcy case.

  c. SanMar will admit no liability for its conduct or the conduct of its agents or employees.

  d. The Trustee will dismiss the adversary proceeding pending against SanMar, Adv. Proc. No. 3:26-ap-90006, with prejudice.

10.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

11.    The statutory predicate for the relief requested herein is section 105 of the Bankruptcy Code and rule 9019 of the Federal Rules of Bankruptcy Procedure ("Rule 9019").

**CASE STATUS**

12.    The Trustee is holding $59,357.39[1] on deposit in this bankruptcy estate currently.

13.    The Trustee is not operating any business of Debtor, and hence there is no operating profit or loss. Debtor does not have an exemption in these settlement funds.

14.    The deadline for filing claims was May 19, 2025. The amount of claimed unsecured debt is $195,419.93. The Trustee has not completed her evaluation of those claims and reserves the right to object to any claim in the future.

15.    Other unpaid administrative expenses are as follows:

---

[1] This includes the proposed settlement funds from SanMar.

| Expense | Estimated Amount |
|---|---|
| Trustee Estimated Commission | $6,217.87 |
| Anticipated Attorneys' Fees for Thompson Burton, PLLC[2] | $12,135 |
| Bank Fees: | Unknown |

16.     The proposed estimated distribution to creditors is as follows:

| Anticipated Funds on Hand | Distribution Amount if all Expenses and Fees Allowed[3] | Amount of Scheduled Priority Debt[4] | Anticipated % of Priority Debt to be Paid | Amount of Scheduled Unsecured Debt[5] | Anticipated % of Scheduled Debt to be Paid[6] |
|---|---|---|---|---|---|
| $59,357.39 | $41,004.52 | $12,903.96 | 100% | $195,419.93 | 14% |

17.     The amounts and percentages disclosed in the above paragraph are subject to change.  At this time, the Trustee cannot predict the amount of the final distribution to creditors. No creditor should solely rely upon these representations in determining whether to object to the Trustee's Motion to Compromise.

**RELIEF REQUESTED**

18.     By the Motion, the Trustee seeks an order approving the settlement and compromise of this claim.

**APPLICABLE AUTHORITY**

19.     Bankruptcy Rule 9019 provides that the Court "may approve a compromise or settlement."  Compromises are tools for expediting the administration of the case and reducing

---

[2] This is not a final amount and is subject to Trustee approval and further subject to Court Approval.

[3] This amount is subject to change as the case is fully administered.

[4] This amount is subject to change. Such disclosure of this amount does not bar the Trustee from objecting to the allowance of filed claims.

[5] The amount is subject to change. Such disclosure of this amount does not bar the Trustee from objecting to the allowance of filed claims. This is the amount of timely claimed unsecured debt.

[6] This disclosure does not take into account any additional fees or expenses to the estate.  It also does not take into account any interest and other fees associated with these unsecured claims.  The Trustee reserves the right to object to the allowance of filed claims.

administrative costs and are favored in bankruptcy. *See Fishell v. Soltow*, No. 94-1109, 1995 WL 66622, at *2 (6th Cir. Feb. 16, 1995); *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996) ("To minimize litigation and expedite the administration of a bankruptcy case, '[c]ompromises are favored in bankruptcy.'") (quoting 9 Colliers on Bankr. ¶ 9019.03 (15th Ed. 1993)). Various courts have endorsed the use of Bankruptcy Rule 9019. *See, e.g., In re Check Reporting Serv., Inc.*, 137 B.R. 653 (Bankr. W.D. Mich. 1992); *Airways, Inc.*, 196 B.R. 268 (S.D.N.Y. 1996); *In re Foundation for New Era Philanthropy*, No. 95-13729B, 1996 Bankr. LEXIS 1892 (Bankr. E.D. Pa. Aug. 21, 1996).

20. The standards by which a Court should evaluate a settlement are well established. In addition to considering the proposed terms of the settlement, the Court should consider the following factors:

a) the probability of success in litigation;

b) the difficulty in collecting any judgment that may be obtained;

c) the complexity of the litigation involved, and the expense inconvenience and delay necessarily attendant to it; and

d) the interest of creditors and stockholders and a proper deference to their reasonable views of the settlement.

*See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968); *Fishell*, 1995 WL 66622, at *3; *In re Barton*, 45 B.R. 225, 227 (M.D. Tenn. 1984); *In re Pa. Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992), *aff'd*, 8 F.3d 812 (3d Cir. 1993); *In re Grant Broad., Inc.*, 71 B.R. 390, 395 (Bankr. E.D. Pa. 1987); *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986).

21. The decision to approve a settlement or compromise is within the discretion of the Court and is warranted where the settlement is found to be reasonable and fair in light of the

particular circumstances of the case. *See TMT Trailer Ferry*, 390 U.S. at 424-25. The settlement need not be the best that the debtor could have achieved, but need only fall "within the reasonable range of litigation possibilities." *In re Pa. Central Transp. Co.*, 596 F.2d 1102, 1114 (3d Cir. 1979). In making its determination, a court should not substitute its own judgment for that of the debtor. *Neshaminy Office*, 62 B.R. at 803.

22. Under the circumstances presented here, the Trustee's settlement satisfies the applicable standards.

WHEREFORE, the Trustee respectfully requests that this Court enter an order in the form submitted herewith and grant such other and further relief as is appropriate under the circumstances.

Respectfully submitted:

*/s/ Trent Meriwether*
Phillip G. Young, Jr. (BPR No. 021087)
Justin Campbell (BPR No. 031056)
Trent Meriwether (BPR No. 038577)
THOMPSON BURTON, PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Telephone: (615) 465-6000
Email: phillip@thompsonburton.com
      justin@thompsonburton.com
      tmeriwether@thompsonburton.com
*Counsel for the Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of March 2026 a true and correct copy of the foregoing has been served on all parties of record through this Court's electronic filing system and by U.S. Mail to all parties listed on the creditor matrix attached hereto.

*/s/ Trent Meriwether*
Trent Meriwether

Case 3:26-ap-90006   Doc 8   Filed 03/27/26   Entered 03/27/26 11:09:38   Desc Main
Document   Page 6 of 9

PROPOSED

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| THE BARR GROUP OF NASHVILLE, INC., | ) | |
| | ) | Case No: 3:24-bk-04796 |
| Debtor. | ) | Chapter 7 |
| _____ | ) | Judge Mashburn |
| | ) | |
| JEANNE ANN BURTON, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Proc. No. 3:26-ap-90006 |
| | ) | |
| v. | ) | |
| | ) | |
| SANMAR CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**ORDER APPROVING COMPROMISE AND SETTLEMENT**

This matter having come for hearing on the motion (the "Motion") filed by Jeanne Ann

Burton, chapter 7 trustee herein ("Trustee"), pursuant to section 105 of the Bankruptcy Code and

Bankruptcy Rule 9019, for an order approving the compromise and settlement between the Trustee

and SanMar Corporation ("SanMar"); and no party-in-interest having timely filed a response to

the Motion; and the Court being satisfied that the relief herein is appropriate under the circumstances; and the Court being otherwise sufficiently advised,

IT IS HEREBY FOUND THAT:

A.      The Trustee, in the proper exercise of her business judgment, determined that the relief afforded herein is in the best interests of the Debtor's creditors.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Motion is granted.

2.      The Trustee is hereby authorized to enter into all necessary documents, including settlement agreements or agreed orders, to consummate a settlement with the following terms:

   a. SanMar will pay to the estate $13,307.96.

   b. The Trustee and SanMar will release each other from all claims that Debtor, the estate, or SanMar may have against each other, or their officers, agents, or employees, at the time of the release, including any claim arising under 11 U.S.C. § 502(h) related to the settlement payment, but excluding SanMar's general unsecured claim No. 2 filed in this bankruptcy case.

   c. SanMar will admit no liability for its conduct or the conduct of its agents or employees.

   d. The Trustee will dismiss the adversary proceeding pending against SanMar, Adv. Proc. No. 3:26-ap-90006, with prejudice.

3.      This Court will retain jurisdiction to adjudicate any disputes that may arise under this order and to enforce the terms of this order.

---

**This order was signed and entered electronically as indicated at the top of the first page.**

---

APPROVED FOR ENTRY BY:


*/s/ Trent Meriwether*
Phillip G. Young, Jr. (BPR No. 021087)
Justin Campbell (BPR No. 031056)
Trent Meriwether (BPR No. 038577)
THOMPSON BURTON, PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Telephone: (615) 465-6000
Email:  phillip@thompsonburton.com
　　　justin@thompsonburton.com
　　　tmeriwether@thompsonburton.com

*Counsel for the Trustee*